UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-cv-61463-JEM/Becerra

WBDH-BC HOLDINGS, LTD.,

    Plaintiff,

v.

VARSATEL CORPORATION, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT CHT HOLDINGS, LLC**

**THIS CAUSE** came before the Court on Plaintiff WBDH-BC Holdings, LLC's Motion for Entry of Default Judgment against Defendant CHT Holdings, LLC.[1] ECF No. [240]. No response to the Motion has been filed, and the time to do so has passed. Upon due consideration of the Motion for Entry of Default Judgment, the pertinent portions of the record, and the applicable law, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.

**I.    BACKGROUND AND INSTANT MOTION**

This action arises out of the failure of Defendants Varsatel Corporation and Comtel Direct, LLC to repay monies loaned by Plaintiff, which were guaranteed by Defendants Harrison Vargas and Ginna Paulsen. In its Amended Complaint, Plaintiff alleges that Varsatel and Comtel fraudulently transferred loan proceeds to or for the benefit of CHT, among others. ECF No. [77] at Counts VIII, IX, and X. In particular, Plaintiff alleges that CHT received the following fraudulent transfers: (i) $1,218,245.37 that Varsatel and/or Comtel transferred to CHT between

---

[1] This Matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [246].

December 5, 2018 and September 21, 2020, and (ii) $800,000.00 that Comtel wired to an individual for the benefit of CHT on November 2, 2018. *Id*. at ¶¶ 53, 56, Counts VIII – X.

The Court previously found that Plaintiff stated a claim for actual fraudulent transfer and constructive fraudulent transfer against CHT, ECF No. [159] at 13-15. The Court also found, as a contempt sanction, that the relevant facts upon which Plaintiff's fraudulent transfer claims against CHT are based "are taken as established for purposes of the action." ECF No. [226] at 3-6. Thereafter, the Court entered an Omnibus Order which directed the Clerk of Court to enter default against CHT for failure to obtain new counsel within the Court's deadline. ECF No. [238]. The Clerk did so, ECF No. [239], and Plaintiff then filed its Motion for Entry of Default Judgment, which it served on CHT. ECF No. [240].

In its Motion, Plaintiff seeks a default final judgment against CHT in the amount of $2,018,245.37, plus prejudgment interest. *Id*. Plaintiff submitted supporting declarations of Conrad Krebs, an authorized representative of Plaintiff, which explain the basis of Plaintiff's determination that Varsatel and/or Comtel transferred $2,018,245.37 to or for the benefit of CHT after the debtors received the loan proceeds.[2] ECF Nos. [240] at 10, ¶ 23; [261] at 4-6. Plaintiff also submitted declarations from Marcie D. Bour, a forensic accountant, which explain the calculation of prejudgment interest. ECF Nos. [240] at 14-16, [264] at 19-21.

## II. ANALYSIS

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, upon the entry of a

---

[2] Plaintiff also submitted the declaration of its attorney, Philip J. Landau, which further explains the basis of Plaintiff's conclusion that the $800,000.00 wire transfer was for the benefit of CHT. ECF No. [240] at 18.

clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1).

A default admits plaintiff's well-pled allegations of fact. *Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Thus, in determining whether default judgment may be entered, courts must review the allegations in the complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard).

As mentioned, the Court previously determined that Plaintiff established a fraudulent transfer claim against CHT based upon CHT's receipt of $1,218,245.37 from Varsatel and/or Comtel, and the $800,000.00 wire that Comtel sent for the benefit of CHT. ECF Nos. [159], [226]. Thus, Plaintiff is entitled to a default judgment against CHT as to liability on Counts VIII, IX, and X of the Amended Complaint.

Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)) (quotations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 Fed. Appx. 737, 746–47 (11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as

when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

Plaintiff seeks damages in the amount of $2,018,245.37, which represents the funds that Varsatel and/or Comtel fraudulently transferred to or for the benefit of CHT. ECF No. [240] at 5. This is a fixed sum that is supported by the declarations that Plaintiff submitted and the Court's previous findings set forth in its Order Finding Defendants in Contempt of Court and Imposing Sanctions. ECF Nos. [226]; [240] at 10, ¶ 23; [240] at 18; [261] at 4-6. Plaintiff also seeks prejudgment interest, which Ms. Bour calculates to be $238,621.45 on the $1,218,245.37 transfer, and $214,530.41 on the $800,000.00 transfer, as of October 20, 2023. ECF No. [264] at 20. Based upon the foregoing, the undersigned finds that Plaintiff has made a sufficient showing that it is entitled to recover from CHT the sum of $2,018,245.37 in damages, and $453,151.86 in prejudgment interest as of October 20, 2023.

### III. CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant CHT Holdings, LLC, ECF No. [240], be **GRANTED**, and the District Court should issue an Order that final default judgment be entered in favor of Plaintiff and against Defendant CHT Holdings, LLC on Counts VIII, IX, and X of the Amended Complaint and Plaintiff be awarded a total of **$2,471,397.23** against CHT Holdings, LLC, comprised of damages in the amount of $2,018,245.37 and prejudgment interest of $453,151.86 as of October 20, 2023.

## IV.  OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The undersigned has shortened the objection period because the Defendant CHT Holdings, LLC has not retained counsel and, as an entity, is unable to appear in this action *pro se*. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 16, 2024.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE