UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-cv-61463-MARTINEZ/REINHART

WBDH-BC HOLDINGS, LTD.,

        Plaintiff,

vs.

VARSATEL CORPORATION, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION REGARDING MOTIONS FOR DEFAULT JUDGMENT [ECF Nos. 227, 232]

Pending before the Court are Plaintiff's Motions for Default Judgment. ECF No. 227, 232. I held a Status Conference on August 11, 2025, and directed the Plaintiff to file a proposed final judgment order and accompanying memorandum no later than August 29, 2025. ECF Nos. 282, 286. The Plaintiff has since reached a settlement in principle with one of the Defendants— Ginna Paulsen. ECF Nos. 287–288. I directed the parties to "either file dismissal paperwork for the claims against Ms. Paulsen or file a notice advising the Court that no settlement has been reached no later than October 14, 2025." ECF No. 289. Upon review of the record, and for the reasons discussed below, I recommend that the District Court DENY Plaintiff's Motions for Default Judgment without prejudice.

Generally, if liability is well-pled in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir.1987). In cases involving more than one defendant, however, a judgment should not be entered against a defaulting party alleged to be jointly liable until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega,* 82 U.S. 552, 554 (1872). Here, Plaintiff's operative Complaint seeks to hold defendants jointly and severally liable. ECF No. 77 at 2. Plaintiff says that under the proposed settlement, it would dismiss Count 3 entirely and dismiss Counts 5, 6, 8, 9, and 10 as to Ms. Paulsen. ECF No. 287. It makes sense to afford Plaintiff and Ms. Paulsen time to complete their negotiations, which will also clarify the scope of the ultimate default judgment. *Drill S., Inc. v. Int'l Fid. Ins. Co.,* 234 F.3d 1232, 1237 (11th Cir. 2000) (applying *Frow* in cases involving similarly situated defendants and specifically when there is a risk of inconsistent adjudications); *see also Febles v. S & G Investco Inc.*, No. 09-60988-CIV, 2010 WL 2893345, at *3 (S.D. Fla. July 22, 2010) ("Several Circuits, including the Eleventh, have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.") (collecting cases). Because the scope of the default judgment is now unclear, I recommend that the District Court deny Plaintiff's Motions for Default Judgment without prejudice to the Plaintiff renewing its Motions if settlement cannot be reached or after filing the appropriate dismissal paperwork as to Ms. Paulsen. Any renewed motion should include a proposed final judgment with updated damages calculations.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY Plaintiff's Motions for Default Judgment without prejudice to the Plaintiff renewing its Motions if settlement cannot be reached or after filing the appropriate dismissal paperwork as to Ms. Paulsen.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 2nd day of September 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE